**Lusaber AJAVARYAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 03–74091.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Deborah Karapetian, Law Offices Of Deborah L. Karapetian, Glendale, CA, for Petitioner.

Jeffrey J. Bernstein, Esquire, Christine Pecora Luster, Esquire, DOJ—U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Lusaber Ajavaryan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), we deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the IJ's adverse credibility finding based on Ajavaryan's submission of fraudulent documents that go to the heart of her asylum claim. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004). Further, substantial evidence supports the IJ's finding that Ajavaryan provided implausible testimony as to how the documents were procured and delivered to her in the United States. *See id.; see also Don v. Gonzales,* 476 F.3d 738, 743 (9th Cir.2007) (upholding IJ's implausibility finding). Accordingly, Ajavaryan failed to establish eligibility for asylum.

■ Because Ajavaryan failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

■ Because Ajavaryan's CAT claim is based on the same evidence that the IJ found not credible, and Ajavaryan points to no other evidence that the IJ should have considered, her CAT claim also fails. *See id.* at 1157.

■ Finally, we lack jurisdiction to review Ajavaryan's contention that the Armenian government will consider her a spy from the United States if returned to Armenia because she failed to exhaust this claim before the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.